NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

_____
                                    )
MAWULDA PINKSTON,                   )
                                    )
        Petitioner,            )
                                    )    Civil Action No. 08-5493 (GEB)
    v.                              )
                                    )    **MEMORANDUM OPINION**
UNITED STATES OF AMERICA,           )
                                    )
        Respondent.            )
_____)

**BROWN, Chief Judge**

    This matter comes before the Court upon the motion of pro se petitioner, Mawulda Pinkston ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth in this Memorandum Opinion, issued without oral argument pursuant to Fed. R. Civ. P. 78, Petitioner's motion is denied.

**I.    BACKGROUND**

    On May 1, 2003, a federal grand jury indicted Petitioner and Kenyatta Pinkston, Petitioner's brother, charging them with conspiracy to distribute and possess with intent to distribute more than fifty grams of a mixture and substance containing cocaine base, contrary to 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Gov't Answer ("Answer") at 2-3, Docket No. 5.) The indictment also charged both men with an additional seven counts of distribution and possession with intent to distribute either cocaine or crack cocaine. (Id.) On May 9, 2003, both Petitioner and Kenyatta Pinkston entered a plea of not guilty to the indictment. (Id. at 3.) In addition, on July 7, 2003, both men waived their right to trial by jury. (Id.)

The indictment arose out of a joint investigation between the Federal Bureau of Investigation and the Mercer County Prosecutor's Office into a drug distribution business run by both brothers out of several residences in Trenton, New Jersey. (Id. at 1.) A government cooperator and local drug distributor ("the cooperating witness") assisted law enforcement in the investigation. (Id. at 1-2.) The cooperating witness engaged in seven controlled drug transactions with either or both of the Pinkstons during a three week period between January 30, 2003 and February 20, 2003. (Id. at 2.) Four transactions resulted in a sale of cocaine base (crack cocaine) while three of the transactions involved powdered cocaine. (Id.) The total weight of crack cocaine purchased by the cooperating witness was 126.9 grams, while the total weight of powder cocaine purchased was 176.3 grams. (Id.) The investigation also recovered two firearms from addresses under the control of both brothers. (Id.)

Petitioner and Kenyatta Pinkston's bench trial began on August 18, 2003. (Id. at 3.) Petitioner was ultimately convicted on Counts One, Two, Three, Five, Six, and Eight of the Indictment. (Id.) On December 1, 2003, this Court sentenced Petitioner to two hundred and ten months imprisonment. (Id.) Petitioner filed a timely notice of appeal, and on March 9, 2005, the United States Court of Appeals for the Third Circuit affirmed both men's convictions, but vacated their sentences and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). (Id.) Accordingly, on November 21, 2005, this Court ordered Petitioner's sentence reduced to one hundred and ninety months. (Id.) Petitioner filed a timely notice of appeal, and on August 10, 2007, the judgment of the District Court was affirmed. (Id. at 3-4.)

On September 11, 2008, Petitioner filed a motion requesting reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines

2

which lowered the base offense levels applicable to crack offenses. (Id. at 4.) This matter is pending before this Court. (Id.)

On November 7, 2008, Petitioner timely filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Id.) In his motion, Petitioner challenges his conviction, presenting the following arguments: (1) ineffective assistance of counsel in that his defense attorney did not effectively contest a two point sentencing enhancement for the presence of a weapon; (2) ineffective assistance of counsel in that his defense attorney never prepared a suppression motion on his client's behalf, even though the court had it scheduled; and (3) prosecutorial misconduct resulting in a civil rights violation in that investigating agents used racial slurs during the controlled buys and investigation. (Pet'rs Pet. ("Petition") at 5-7, Docket No. 1.)

## II.  DISCUSSION

### A.  MOTION TO VACATE, CORRECT, OR SET ASIDE A SENTENCE UNDER 28 U.S.C. § 2255

Section 2255 of Title 28, of the United States Code, permits a court to vacate, correct, or set aside a sentence that was "imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Generally, Section 2255 "may not be employed to relitigate questions which were raised and considered on direct appeal.'" United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (quoting Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986)), cert. denied, 511 U.S. 1033 (1994). However, the Court of Appeals have expressed a strong preference that an ineffective assistance of counsel claim be brought before the district court in the first instance in a motion under

28 U.S.C. § 2255. DeRewal, 10 F.3d at 103 (citing United States v. Rieger, 942 F.2d 230, 235 (3d Cir. 1991)). Since it is appropriate to raise a claim of ineffective assistance of counsel under § 2255, rather than on direct appeal, "the failure to raise such a claim on direct appeal should not be treated as a procedural fault." Id.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims that defense counsel did not effectively argue against a two point sentencing enhancement for the presence of a weapon. (Petition at 5-6, Docket No. 1.) In addition, Petitioner further contends that defense counsel never prepared a suppression motion on his behalf, even though the Court had scheduled the motion. (Id.) The Court concludes that these contentions afford Petitioner no relief.

A cause of action for ineffective assistance of counsel flows from the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." Lockhart v. Fretwell, 506 U.S. 364, 368 (1993) (internal quotes and citation omitted.). Accordingly, in Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court defined a two-prong test to establish ineffective assistance of counsel. The first prong of the test requires that a petitioner show that his counsel's performance was deficient. Strickland, 466 U.S. at 687. Specifically, in order to succeed on the deficiency prong, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. This requires that the Court examine the entire proceedings and determine "whether, in light of all the circumstances, the [conduct of Petitioner's trial counsel was] outside the wide range of professionally competent assistance." Id. at 690. See also Kimmelman v. Morrison, 477 U.S. 365, 386 (1986).

Accordingly, this Court's inquiry is highly deferential. Strickland, 466 U.S. at 689. The Court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. See Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.), cert. denied sub nom., Stanley v. Taylor, 512 U.S. 1230 (1994). In short, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [Petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Once the deficiency prong is established, Petitioner must then show that as a result of the deficient performance, he was ultimately prejudiced. Strickland, 466 U.S. at 687. This prong of the test requires that Petitioner show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is more than a theoretical possibility. Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992), cert. denied, 507 U.S. 954 (1993). Instead, it is a probability sufficient to undermine confidence in that outcome. Strickland, 466 U.S. at 699. Thus, Petitioner must show "that counsel's errors were so serious as to deprive [Petitioner] of a fair [hearing]...whose result is reliable." Lockhart, 506 U.S. at 369 (internal quotes and citation omitted). Prejudice is not simply a question of whether the outcome may have been different but for the counsel's error; rather the focus is on whether the result of the proceeding is fundamentally unfair or unreliable. Id.

Petitioner must satisfy both prongs of the Strickland analysis. Unless Petitioner makes both showings, "it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687.

5

### 1. Two Point Sentencing Enhancement

Petitioner's argument that defense counsel was ineffective because counsel failed to effectively contest a two point enhancement for the presence of a firearm does not satisfy the two-prong test set forth under Strickland. The facts on the record do not satisfy this contention. At sentencing, Petitioner's counsel, Mr. John S. Furlong, argued for a two point downward departure before this Court. (Gov't Ex. M at 17, Docket No. 5.) On direct appeal of the sentence imposed by this Court, counsel, on behalf of both Petitioner and Kenyatta Pinkston, argued that this Court "erred in imposing a two-level increase for possession of a weapon during a drug crime." (Gov't Ex. H at 57, Docket No. 5.) Specifically, counsel argued that there was no evidence that the weapons recovered belonged to either Petitioner or Kenyatta Pinkston. (Id.) Notwithstanding this argument, the Third Circuit affirmed both men's convictions, but vacated for resentencing. (Answer at 3, Docket No. 5.) At the resentencing hearing, counsel again argued that Petitioner should receive a two point deduction, but this Court found that the two point increase was warranted. (Gov't Ex. K at 10-11, 27, Docket No. 5.) On direct appeal, the Third Circuit affirmed judgment. (Answer at 3-4, Docket No. 5.)

Accordingly, as the record reflects, counsel was not deficient and effectively contested Petitioner's two point sentencing enhancement. Though counsel may have been unsuccessful in raising this argument, Petitioner was not ultimately prejudiced because this Court considered counsel's argument before disagreeing with it and imposing Petitioner's sentence. Furthermore, Petitioner does not point to any specific errors within counsel's argument that would have resulted in prejudice. As a result, since the two point increase was argued by counsel, Petitioner does not satisfy the grounds for a claim of ineffective assistance of counsel as set forth under the Strickland

analysis.

Furthermore, this Court notes that Petitioner's contention regarding the two point sentencing enhancement was already litigated on direct appeal and denied by the Third Circuit. (Gov't Ex. H at 57, Docket No. 5; Answer at 3, Docket No. 5.) Section 2255 "generally may not be employed to relitigate questions which were raised and considered on direct appeal.'" DeRewal, 10 F.3d at 105 n.4 (citation omitted). Accordingly, even though this Court has recognized that Petitioner's claim does not satisfy the Strickland standard, Petitioner's claim is also dismissed pursuant to the fact that this issue had already been previously litigated and denied.

### 2.     **Suppression Motion**

Petitioner's contention that counsel was ineffective because he never prepared a suppression motion on his behalf, even though this Court had scheduled such motion, also does not satisfy the two-prong test set forth under Strickland. Specifically, Petitioner argues that counsel failed to file a suppression motion on his behalf to suppress evidence obtained from the Chambers Street address in Trenton, New Jersey. (Petition at 6, Docket No. 1.) Petitioner contends that the evidence shows that no drug transactions took place at this address and that the Government did not learn of this address until the date of Petitioner's arrest. (Id.)

Primarily, Petitioner cannot show that counsel was deficient or that he was prejudiced as a result because a Notice of Omnibus Pretrial Motions ("Notice") was filed by counsel on behalf of Petitioner on June 2, 2003. (Gov't Ex. I, Docket No. 5.) Specifically, the Notice stated that Petitioner, through his counsel, would move for an Order "suppressing evidence seized both within and beyond the scope of search warrants issued by the Court." (Id. at ¶10.) Furthermore, though this Court did not hear oral argument on this issue, counsel, during the course of Petitioner's trial,

7

sentencing, appeal, and resentencing, argued for suppression of a handgun found at the Chambers Street address on behalf of Petitioner.  Specifically, during trial, counsel cross-examined law enforcement officers with regard to probable cause for the search of the Chambers Street address. (Gov't Ex. L at 100-187, Docket No. 5.)  In addition, at Petitioner's sentencing, defense counsel contested a two-point enhancement based on possession of a handgun found at the address.  (Gov't Ex. M at 17-25, Docket No. 5.)  On direct appeal, counsel argued that this Court erred in imposing the two-point increase for possession of the gun found at the Chambers Street address.  (Gov't Ex. H at 51, Docket No. 5.)  Counsel again argued this same issue at Petitioner's resentencing hearing. (Gov't Ex. K at 27, Docket No. 5.)

Though counsel's arguments for suppression may not have succeeded, it cannot be said that counsel was deficient or that Petitioner was prejudiced because counsel repeatedly argued for the suppression of evidence found at the Chamber's Street address.  As a result, because Mr. Furlong effectively contested the suppression of evidence found at the Chambers Street address, Petitioner cannot show that counsel was deficient or that he was prejudiced as a result.  Therefore, Petitioner's claim that counsel was ineffective fails under both prongs of the Strickland test.

### C. PROSECUTORIAL MISCONDUCT RESULTING IN CIVIL RIGHTS VIOLATION

Petitioner further argues that prosecutorial misconduct occurred, ultimately resulting in a civil rights violation, in that investigating agents used racial slurs during the controlled buys and investigation. (Petition at 5, 7, Docket No. 1.)  Specifically, Petitioner argues that the cooperating witness used racial slurs during the controlled buys.  (Id.)  Because the cooperating witness's use of racial slurs during the investigation has already been litigated, Petitioner's claim must be dismissed.

8

As noted above, Section 2255 "generally may not be employed to relitigate questions which were raised and considered on direct appeal.'" DeRewal, 10 F.3d at 105 n.4 (citation omitted). While Section 2255 does not expressly authorize the court to refuse to entertain a 2255 petition on the ground that the point raised had previously been decided on direct appeal, numerous courts have held that a 2255 petition may not be used to relitigate questions which were already raised and considered on direct appeal. Barton, 791 F.2d at 267.

Petitioner's claim that the cooperating witness used racial slurs was previously litigated on direct appeal. Specifically, point eight of Petitioner's brief in support of his direct appeal addresses the cooperating witness's use of racial slurs, in which Petitioner argued that investigators never admonished the cooperating witness. (Gov't Ex. H at 54-6, Docket No. 5.) This argument was denied by the Court of Appeals, which affirmed Petitioner's conviction. (See Answer at 3, Docket No. 5; see also United States v. Pinkston, 126 Fed. Appx. 537 (3d Cir. 2005)). Petitioner's argument mirrors his argument made on direct appeal, which was subsequently denied. Accordingly, because this issue had been previously litigated and denied, Petitioner's claim is dismissed.

**III.    CONCLUSION**

Accordingly, Petitioner's motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255 is denied.


Dated: March 23, 2009


       /s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.